UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEGAL S. COLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1839 JCH |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Megal S. Cole's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On May 4, 2006, a jury in the Circuit Court of St. Louis County, Missouri, found Petitioner guilty of one count of burglary in the first degree, and one count of stealing a motor vehicle. Petitioner was sentenced as a persistent offender to thirty years imprisonment on the burglary count, and ten years imprisonment on the stealing count, said terms to be served concurrently. Petitioner's convictions and sentence were affirmed on appeal. State v. Cole, 238 S.W.3d 684 (Mo. App. 2007). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. K). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Cole v. State, 302 S.W.3d 812 (Mo. App. 2010).

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following five claims for relief:

(1) That the trial court erred in denying Petitioner the right to represent himself at trial;

(2) That the trial court erred in allowing the State to utilize its peremptory strike in a discriminatory manner;

(3) That the trial court erred in allowing the State to introduce improper evidence of uncharged crimes;

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to allow Petitioner to testify at trial; and

(5) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to the improper presentation of evidence of uncharged crimes at trial.

(§ 2254 Petition, PP. 5-15, 19-24). The Court will address the claims in turn.

## DISCUSSION

### I. Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in denying Petitioner the right to represent himself at trial. (§ 2254 Petition, PP. 5-6, 19-20). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> In his first point on appeal, defendant[1] claims the trial court erred in denying his request to proceed *pro se*. Defendant argues that the court improperly denied him the right to represent himself because the court relied upon irrelevant factors such as his educational background and his knowledge of substantive and procedural law in making its decision.
>
> As the state correctly notes, this claim of error was not included in defendant's motion for new trial. However, where an unpreserved error affects a defendant's rights so substantially that a manifest injustice or miscarriage of justice results if the error is left uncorrected, we will grant defendant relief under the plain error rule. State v. Nichols, 207 S.W.3d 215, 224 (Mo. App. 2006).

---

[1] Petitioner is referred to as "defendant" by the Missouri Court of Appeals.

The procedural history underlying defendant's argument concerning self-representation is significant. Defendant initially filed a request for disposition pursuant to section 217.450. Counsel was appointed, and defendant filed a *pro se* motion seeking assignment of a different public defender. The court denied defendant's request for appointment of new counsel. Counsel requested a mental evaluation of defendant, which was granted. The court tolled the date for speedy trial to allow time for defendant to undergo a mental evaluation. Defendant subsequently filed several letters and *pro se* motions objecting to the mental evaluation and waiver of the right to speedy trial. The court denied defendant's requests. Defendant again sought to have court appointed counsel dismissed from his case, and the court denied his request. Defendant also filed *pro se* motions seeking reconsideration of the court's ruling regarding defendant's right to a speedy trial, and filed additional motions seeking new counsel. The court denied defendant's motions. Defendant ultimately filed a motion to proceed pro se, which was heard and denied. The basis of that motion was defendant's request for a speedy trial and his objection to the tolling of the time for speedy trial because of the request for a mental evaluation of defendant. Defendant's prayer for relief asked that the court proceed with the speedy trial, rather than seeking to represent himself. Defendant's testimony regarding his desire to proceed *pro se* at the hearing on his motion was equally unclear.

Defendant testified that he filed the motion to proceed *pro se* because he was not getting adequate representation from the public defender. He specifically alleged that counsel failed to investigate his case and gave him false information about the law. Defendant's testimony was largely focused upon his desire to confront witnesses and speak in his own defense. According to defendant, he received a letter from the public defender's office informing him that representing himself was one option he could pursue if he was unhappy with counsel. During the hearing, defendant stated that he was "forced into making this decision," and that he could not explain why he was "forced into going *pro se*." The trial court ultimately found that defendant had not voluntarily, knowingly, and intelligently waived his right to counsel. Defendant later attempted to have counsel withdrawn from his case a final time, and his request was denied.

A defendant has a constitutional right to assistance of counsel. State v. Johnson, 172 S.W.3d 900, 902 (Mo. App. 2005) (citation omitted). A defendant also has a constitutional right to waive counsel and proceed *pro se*. Nichols, 207 S.W.3d at 224. A defendant must assert his right of self-representation clearly and unequivocally prior to trial. State v. Parker, 890 S.W.2d 312, 316 (Mo. App. 1994). However, pursuant to section 600.051.1 RSMo (2000), when a defendant waives this right, he must do so knowingly and intelligently. To competently and intelligently choose self representation, a defendant should be made aware of the dangers and disadvantages of representing himself. Nichols, 207 S.W.3d at 224; (citing Faretta v.

California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975)).

> Here, defendant failed to assert his right to self-representation clearly and unequivocally. Instead, defendant stated that he was being "forced" to act *pro se*, and his concerns about his current representation were directed to issues concerning the request for mental evaluation and the effect of that evaluation on defendant's right to a speedy trial, confrontation of witnesses, and the right to speak in his own defense. As the court pointed out, the case had not progressed to the point of presenting a defense yet, and the decision regarding whether to testify at trial would be defendant's. There was no evidence in the record that defendant was improperly denied the right to confront witnesses or testify at trial.
>
> As a result of the foregoing, defendant failed to clearly and unequivocally assert his right of self-representation. The trial court found that defendant did not voluntarily, knowingly, and intelligently waive his right to counsel, and defendant was represented by counsel at trial. Therefore, we cannot conclude that any error, plain or otherwise, occurred as a result of the trial court's decision to deny defendant the right to proceed *pro se*. Point denied.

(Respondent's Exh. J, PP. 2-5 (footnotes omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court holds the Missouri State court's finding is neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. "The Sixth Amendment guarantees a criminal defendant the right to self-representation

- 4 -

along with the right to the assistance of counsel." United States v. Turner, 644 F.3d 713, 720 (8th Cir. 2011) (citing Faretta v. California, 422 U.S. 806, 818-821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

> Even though a defendant may conduct his own defense to his detriment by relinquishing the benefits associated with the right to counsel, his choice must be honored. "For this reason, in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits...[He] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."

Id. (quoting Faretta, 422 U.S. at 835).

This Court's review of the record demonstrates the Missouri State court correctly applied the above standard. During a February 3, 2006, hearing on Petitioner's motion to proceed *pro se*, Judge Larry Kendrick of the St. Louis County Circuit Court explained that before he allowed Petitioner to represent himself, he had to conduct a "penetrating and comprehensive determination" as to whether Petitioner was waiving his right to an attorney voluntarily, knowingly and intelligently. (Resp. Exh. B, P. 8). He then questioned Petitioner extensively regarding his educational background, his understanding of the charges against him, and the procedural and substantive law at issue in his case. Petitioner gave equivocal answers regarding both his desire to proceed *pro se*, and his reasons for requesting to do so. After conducting this examination and observing Petitioner's demeanor, Judge Kendrick concluded that Petitioner had not voluntarily, knowingly and intelligently waived his right to counsel. (Id., P. 19). Under these circumstances, the Missouri State court's adjudication did not result in a decision that was contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 1 must be denied.

## II. **Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts the trial court erred in allowing the State to utilize its peremptory strike in a discriminatory manner. (§2254 Petition, PP. 6-8, 21). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> In his second point, defendant argues that the trial court erred in overruling his objection to the state's peremptory strike of an African-American venireperson. According to defendant, the peremptory strike was discriminatory, and the reasons given by the state for the strike were merely pretextual.
>
> In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court recognized the right of a criminal defendant to challenge racially motivated strikes made by the state. There is a three-step process when a challenge to the state's peremptory strike is made pursuant to Batson. First, the defendant must challenge the strike on the grounds that it violates Batson, and the defendant must identify the racial group to which the stricken venireperson belongs. State v. Taylor, 18 S.W.3d 366, 370 (Mo. banc 2000). After defendant asserts his challenge, the state bears the burden of providing a race-neutral reason for its peremptory strike. Id. If the state does provide such a reason, defendant is then required to prove that the reason is merely pretextual and the strike was, in fact, racially motivated. Id. We will reverse a trial court's ruling with respect to a Batson challenge only where such findings are clearly erroneous. Id.
>
> After the state exercised its peremptory strikes, counsel for defendant raised an objection to the state's strike of Delores Williams, an African-American, based upon Batson. The prosecutor responded as follows:
>
>> "We struck--we struck Juror No. 18, Delores Williams, for the reason that during the entirety of the voir dire, she and Juror No. 17, Mr. O'Neil, responded to no questions. We had no--we had no comments at all written for either of them. Further, as to Ms. Williams, No. 18,...she was violently doing a full upper body shake with regard to two propositions, which were the defendant should be presumed innocent, she was very aggressive with her upper body with regards to agreeing with that, and also that she would give the defendant-- defendant a benefit of the doubt.
>> Further, with regards to her employment as being a human resource person, which to me is akin to somebody that is in the field of social work, I would think she would find ways to try and avoid determining

that he may be guilty if she would have the ability to try and rehabilitate him, and there will be evidence of possible drug usage with regards to some of the facts in this case, and I have problems with the fact that she may make those presumptions based upon her current job and employment situation."

If a prosecutor provides a reasonably specific, clear, and race-neutral explanation for its peremptory strike, it will be upheld unless an inherently discriminatory intent is evident in the explanation. State v. Nicklasson, 967 S.W.2d 596, 613 (Mo. banc 1998). The trial court's primary consideration is whether the prosecutor's explanation is plausible in light of the totality of the facts and circumstances. Id. Here, the prosecutor enumerated three specific reasons for its peremptory strike of Williams. First, the prosecutor noted that Williams had not answered any questions during voir dire. Second, Williams' physical responses to certain questions caused some concern, and third, the prosecutor expressed concern regarding Williams' employment.

A member of the venire panel's silence is a permissible, facially neutral reason for a peremptory strike. State v. Barnett, 980 S.W.2d 297, 302 (Mo. banc 1998). "The reason is obvious: The state should not be required to take a risk on a prospective juror about whom little information is known." Id. As the state noted, Williams did not answer any questions during voir dire. The state also struck another potential juror who failed to answer questions. Although defendant attempts to argue that the state failed to strike other similarly situated white jurors, defendant's argument fails. First, defendant did not present that argument to the trial court. A defendant may not challenge an explanation on appeal if he does not properly challenge it in the trial court. State v. Miller, 162 S.W.3d 7, 14 (Mo. App. 2005). Thus, defendant cannot now complain that the explanation was not race-neutral because other similarly situated white jurors were not stricken. Additionally, Defendant's argument is based upon jurors who did actually provide some responses during voir dire. These jurors and Williams were not similarly situated, however, because Williams did not make any comments during voir dire. As previously noted, the state is not required to take a risk on a potential juror about whom it knows little. Barnett, 980 S.W.2d at 302.

The state also noted that Williams' body language was a reason for the strike. According to the prosecutor, Williams was noticeably and aggressively physically agreeing with the propositions that a defendant should be presumed innocent and that a defendant should be given the benefit of the doubt. This is a reasonable, race-neutral explanation for the state's peremptory strike.

Finally, the state explained that it exercised a peremptory strike against Williams because of her employment in the field of human resources. The state expressed concern that as a result of her employment, Williams might be predisposed to rehabilitation rather than a finding of guilt. In State v.

> Johnson, 207 S.W.3d 24, 37 (Mo. banc 2006), the Missouri Supreme Court stated that, "[e]mployment is a valid race-neutral basis for striking a prospective juror." (quoting State v. Williams, 97 S.W.3d 462, 472 (Mo. banc 2003). Defendant attempts to argue that Williams' occupation would make her inclined to be less sympathetic toward a criminal defendant because she is involved in hiring and firing. However, this does not establish that the state's reason was pretextual; it merely evidences a potential difference in opinion regarding work in the field of human resources. The state expressed a race-neutral reason regarding Williams' employment, particularly when coupled with her physical reactions to certain propositions and the concern regarding her silence.
>
> Here, the state's explanation concerning its strike of Williams was plausible and race-neutral. As such, the trial did not clearly err in denying defendant's challenge to the state's strike of Williams. Point denied.

(Respondent's Exh. J, PP. 5-8).

Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), "requires a judge ruling on an objection to a peremptory challenge to undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." Thaler v. Haynes, 130 S.Ct. 1171, 1174 (2010) (internal quotations and citations omitted). Judge Kendrick undertook such an inquiry in this case. (See Resp. Exh. D, PP. 335-338). He then made a determination that the State's explanation for the strike was race-neutral. This decision was not unreasonable in light of the evidence presented in the State court proceeding, as the State left three African-Americans on the jury after striking Ms. Williams, and further struck the only other juror similarly situated to Ms. Williams in his failure to respond to a single question during voir dire. The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 2 of Petitioner's petition must be denied.

**III.    Ground 3**

As stated above, in Ground 3 of his petition Petitioner asserts the trial court erred in allowing the State to introduce improper evidence of uncharged crimes. (§2254 Petition, PP. 8-9, 22-23). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals

denied the claim as follows:

> In his third and final point on appeal, defendant claims the trial court erred in allowing the state to introduce evidence of uncharged offenses. Defendant argues that the evidence admitted did not meet any exception to the prohibition against such evidence, and he was prejudiced because the jury was allowed to convict him based upon other uncharged offenses.
>
> The state argues that defendant failed to preserve this issue for our review. At trial, defendant made an oral motion in limine to exclude evidence that during his confession, defendant informed detectives that he had been in the area going through unlocked cars and garages looking for cash and other valuables. The trial court partially granted defendant's request by limiting the testimony to exclude reference to garages and defendant's intent to sell or trade the items for drugs. However, the court determined that testimony regarding defendant's statement during his confession that he was in the area going through unlocked cars looking for cash and valuables was admissible. Christopher Schmitz, a detective with the City of Ladue, and Bryan Lucas, an officer assisting Detective Schmitz with the investigation, each testified that during his confession to the crimes charged, defendant stated that he had been in the area going through vehicles looking for cash and valuables. Defendant did not object to the testimony of either Detective Schmitz, nor or Officer Lucas. Thus, the issue was not properly preserved for review. State v. Stewart, 18 S.W.3d 75, 85 (Mo. App. 2000) (a ruling on a motion in limine, in and of itself, preserves nothing for review. Defendant must object to the admission of the evidence at trial to preserve argument on appeal.)
>
> As previously noted, where unpreserved error affects a defendant's rights so substantially that a manifest injustice or miscarriage of justice results if the error is left uncorrected, we will grant defendant relief for plain error. Nichols, 207 S.W.3d at 224.
>
> Evidence of uncharged crimes or acts is generally not admissible to show the propensity of a defendant to commit such crimes. Johnson, 207 S.W.3d at 42. However, evidence of prior bad acts may be admissible if it is logically relevant, in that it has a tendency to directly establish defendant's guilty of the charged crimes and the probative value of the evidence outweighs the prejudicial effect. Id. Generally, the rule prohibiting admission of evidence of uncharged crimes is violated only if the testimony admitted shows defendant committed, was accused of, or had been convicted of or definitely associated with another crime or crimes. State v. Harris, 156 S.W.3d 817, 824 (Mo. App. 2004).
>
> Additionally, an exception to the general rule that evidence of uncharged misconduct is inadmissible applies to evidence of uncharged crimes that are part of the circumstances or sequence of events surrounding the crime

> charged. Johnson, 207 S.W.3d at 42. Evidence of the uncharged misconduct may be admissible to present a complete and coherent picture of the charged crime. Id.
>
> Here, defendant complains about testimony that defendant was in the area where the vehicle was stolen going through unlocked cars and garages looking for cash and valuables. This testimony was included in the discussion of defendant's confession to taking the stolen vehicle out of the garage. The evidence regarding defendant's activities in the area described the circumstances or sequence of events surrounding the charges for which defendant was on trial. The testimony presented a complete and coherent picture of the crimes. The testimony also helped present a complete picture of defendant's confession to the crimes for which he was being tried. As a result, the trial court did not err in allowing such testimony. Point denied.

(Respondent's Exh. J, PP. 8-10).

Whether evidence is properly admitted is a question of state law that is not reviewable in a federal habeas proceeding unless a specific constitutional right has been infringed, or the evidence is so prejudicial as to deny due process. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). The federal court must find more than trial error or even plain error to warrant habeas relief on the basis of an evidentiary ruling. McCafferty v. Leapley, 944 F.2d 445, 452 (8th Cir. 1991), cert. denied, 503 U.S. 911 (1992). "An evidentiary error violates a defendant's due process rights only when the error complained of is so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." Id. (citations omitted).

Upon consideration, this Court finds the evidence admitted by the trial court was not so prejudicial that it denied Petitioner due process, for two reasons. First, the other evidence of guilt presented at trial, including Petitioner's possession of the car at issue within hours of its theft, was extremely strong. Second, the trial court carefully considered the disputed testimony, eventually deciding to admit only those portions where the probative value outweighed the potential prejudice. Under these circumstances, there was no "gross" or "conspicuously prejudicial" error that denied Petitioner due process of law. Ground 3 is denied.

## IV.     Ground 4

As stated above, in Ground 4 of his § 2254 petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to allow Petitioner to testify at trial. (§ 2254 Petition, PP. 10-11, 24). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> FINDINGS OF FACT
>
> 5.     On the last day of the trial, after the State had rested its case, the Court on the record advised and inquired of Movant[2] of his decision to testify.
>
> 6.     Through his counsel, Movant stated he understood that it was entirely his decision alone as to whether to testify. Movant indicated he would not testify.
>
> CONCLUSIONS OF LAW
>
> 1.     To obtain relief on claims of ineffective assistance of counsel, Appellant must establish: (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced. Weston v. State, 2 S.W.3d 111, 114 (Mo. App. W.D. 1999) (citing Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)....
>
> 3.     Movant's allegation that trial counsel was ineffective because she refused to call Movant to testify at trial is refuted by the record and is denied. Trial Tr. 990-995.

(Resp. Exh. K, PP. 106, 108-109). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his first point, Movant claims that the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 without a hearing because the record did not conclusively refute Movant's post-conviction claim that counsel refused to allow him to testify at trial, in that Movant was not voir dired on his right to testify; thus, Movant alleged unrefuted facts that, if proven would entitle him to relief. Movant argues he

---

[2] Petitioner is referred to as "Movant" and/or "Appellant" by the post-conviction motion and appellate courts.

was prejudiced because he did not have the opportunity to exercise his constitutional right to testify in his own defense, and there is a reasonable probability the outcome of trial would have been different had he testified.

In a criminal case, a defendant's right to testify is a constitutional right that only the defendant has the power to waive. *Kuhlenberg,* 54 S.W.3d at 708. This waiver must be made voluntarily and knowingly. *Id.* To prevail on his claim of ineffective assistance of counsel, Movant must prove (1) his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) Movant was thereby prejudiced. *Id.* at 707.

To be entitled to an evidentiary hearing on his claim, Movant must allege facts, not refuted by the record, which, if true, would entitle him to relief. *Id.* Furthermore, these complained-of matters must have prejudiced Movant. *Id.* To establish prejudice, Movant must demonstrate a reasonable probability that, but for his trial counsel's errors, the result of his proceeding would have been different. *Rotellini v. State,* 77 S.W.3d 632, 637 (Mo.App. E.D.2002).

Movant's assertion that his trial counsel was ineffective by refusing to allow Movant to testify at trial is conclusively refuted by the record. At the close of the State's evidence, the trial court directly inquired of Movant concerning his decision to testify, specifically advising him that only he could make the decision, and Movant chose not to testify. Movant was physically present during this inquiry, and the record clearly indicates that the trial court addressed Movant personally regarding his desire to testify. When given this opportunity, however, instead of speaking directly to the court, Movant chose to relay his intentions through his trial counsel. We conclude the record clearly demonstrates that Movant knowingly and voluntarily waived his right to testify. *Kuhlenberg,* 54 S.W.3d at 708.

We further note that Movant had no reluctance to vocalize his positions, opinions, or thought processes throughout his trial. Not only did Movant personally file and argue several pretrial motions, he vigorously asserted his thoughts and opinions throughout the proceedings below, speaking out during questioning of witnesses, gesturing during testimony, contradicting his attorney, refusing to follow her advice and the court's instructions, and often disrupting his trial by his behavior. In fact, during a recess in which motions were being discussed in chambers, Movant became disruptive in the courtroom to the point of requiring his removal, threatening that he would "clown" when the jury returned and would tell the jury he wanted a mistrial. The trial court questioned Movant as to whether he would behave himself and remain quiet when the jury was recalled to the courtroom, and Movant responded, "I'll try. We'll see. We'll have to find out what happens."

> When trial court's attempt to obtain Movant's assurance that he would conduct himself appropriately was met with evasion, the trial court allowed Movant time to speak with his counsel. Nevertheless, Movant continued to indicate that he could not assure the court that he would conduct himself appropriately, forcing the trial court to direct his removal. To prevent the jury from discovering the removal, the court recessed for the remainder of the day to allow Movant to calm down. The record is replete with instances of Movant's disruptive behavior, erratic outbursts and demands. The transcript likewise records the trial court's tempered, deliberate responses to the Movant's unreasonable attempts to undermine his trial proceedings. Consequently, his claim that his counsel refused to allow him to testify is disingenuous, and we reject Movant's attempt to benefit from his own obstreperous behavior.
>
> Moreover, even if as alleged by Movant in his Amended Motion, Movant had testified that he had not made a statement to the Ladue police officers about a baby, a black SUV, or about burglarizing homes, we determine that Movant has failed to demonstrate that any failure by his trial counsel to call him as a witness prejudiced Movant. Even assuming that the jury would have found Movant more credible than the testifying officers, three eyewitnesses testified that Movant was driving the stolen SUV; thus, other evidence existed that was sufficient to support the submission of the charged crimes. "An inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary, and the inference exists both as to the offense of burglary and of stealing." *State v. Brown,* 744 S.W.2d 809, 811 (Mo. banc 1988) (internal quotation and citation omitted). Furthermore, Movant did not allege that he did not commit the charged crime, only that he would have denied making incriminating statements to the officers; thus, we conclude Movant has failed to demonstrate a reasonable probability that, but for his trial counsel's errors, the result of his proceeding would have been different.
>
> The motion court did not clearly err in denying Movant's motion for post-conviction relief without a hearing because the record conclusively refutes Movant's claim that counsel refused to allow him to testify at trial, and Movant failed to allege facts that, if proven, would entitle him to relief.

Cole v. State, 302 S.W.3d at 816-818 (footnotes omitted).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner's claim of ineffective assistance of counsel is refuted by the record. Specifically, the Court notes the following exchange took place during Petitioner's trial:

| | |
|---|---|
| THE COURT: | Mr. Cole, I understand that you had an opportunity to discuss with your attorney whether or not you want to testify or not testify in this case; is that correct? |
| MS. SCHAEFER[3]: | Your Honor, Mr. Cole has indicated that the answer to that question is no. |
| THE COURT: | I'm sorry. The what? |
| MS. SCHAEFER: | That he wishes that I speak for him and the answer to that question is no. That's what he's indicated to me right now. |
| THE COURT: | Okay. And Mr. Cole, do you understand that if you choose not to testify that that's your decision alone to make, nobody else can make that decision for you, you can talk to your attorney, your attorney can give you advice, but do you understand that you alone are the one that decides whether or not you'll testify or not testify? |
| MS. SCHAEFER: | Mr. Cole indicates that he fully understands. |

---

[3] Ms. Jill Schaefer acted as Petitioner's attorney during his criminal trial.

| THE COURT: | All right. And do you also understand that if you choose not to testify that neither Mr. Wasserman nor I could say anything to the jury about your not testifying? |
|---|---|
| MS. SCHAEFER: | Mr. Cole indicates that he fully understands. |
| THE COURT: | All right. Okay. The Court will note for the record that the Court was addressing the questions to Mr. Cole, and Mr. Cole chose, as he certainly can do, chose to answer these questions by stating the answers to the --his attorney and having his attorney repeat the answer to me. |

(Resp. Exh. E, PP. 994-995). Under these circumstances, the Court finds Petitioner himself made the decision not to testify, and so his defense counsel cannot be held ineffective for any failure in that regard. Ground 4 is denied.

## V. <u>Ground 5</u>

As stated above, in Ground 5 of his § 2254 petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the improper presentation of evidence of uncharged crimes at trial. (§ 2254 Petition, PP. 12-13). Specifically, Petitioner refers to the testimony of State's witnesses Bezell Lee, Carlos Boles, and Sannita Vaughn, to the effect that Petitioner was smoking marijuana as he drove the stolen black Lexus. (<u>Id.</u>). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

CONCLUSIONS OF LAW

> 4. Movant has failed to demonstrate a right to relief that counsel was ineffective for failing to object to the testimony of States witnesses that they and Movant were smoking marijuana while driving the stolen vehicle. Trial counsel is deemed vested with broad discretion in conducting his client's defense, and is presumed competent. Counsel is not ineffective for failing to make a non-meritorious objection. This is particularly true where an objection by counsel would draw more attention to the matter. This court finds that in light of all the evidence presented, testimony regarding marijuana use did not alter the outcome of the trial and thus the failure to object did not prejudice Movant. <u>Barnett v. State</u>, 103 S.W.3d 765, 771-772 (Mo. 2003). See also, <u>State v. Hamilton</u>, 892 S.W.2d 371, 377-378 (Mo. App. E.D. 1995).

(Respondent's Exh. K, P. 109). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his second point, Movant claims that the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 without a hearing, because the record did not conclusively refute Movant's post-conviction claim that counsel was ineffective for failing to object to irrelevant evidence of illegal drug use, in that the record does not reflect reasonable trial strategy, and Movant alleged facts that, if proven, would entitle him to relief.
>
> "Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object." *Bradley v. State,* 292 S.W.3d 561, 564 (Mo.App. E.D.2009). Although evidence of uncharged offenses is generally inadmissible for the purpose of demonstrating a defendant's propensity to commit similar crimes, an exception to this rule exists for evidence of uncharged crimes that are part of the circumstances or sequence of events surrounding the charged offense. *State v. Johnson,* 207 S.W.3d 24, 42 (Mo. banc 2006).
>
> We conclude that an objection to the witnesses' testimony that Movant was smoking marijuana just prior to the accident would have been meritless. This testimony concerned part of the circumstances and sequence of events that led to the accident involving the stolen vehicle, and served to explain why and how the stolen vehicle became airborne and ultimately struck a stranger's home, coming to rest in the home's family room. As such, it falls within the exception to the general rule of inadmissibility. *Id.* Counsel will not be deemed ineffective for failing to make a non-meritorious objection. *Forrest v. State,* 290 S.W.3d 704, 714 (Mo. banc 2009). Movant has failed to allege facts that, if proven, would entitle him to relief.

Cole v. State, 302 S.W.3d at 818.

As noted by the Missouri Court of Appeals, the general rule under Missouri law is that evidence of uncharged crimes is inadmissible for the purpose of showing the propensity of the defendant to commit the crime charged. Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999), cert denied, 528 U.S. 1097 (2000). An exception to this general rule exists, however, "for evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged in order to present a complete and coherent picture of the events that transpired." Id. (internal quotation marks and citation omitted). "This standard for admissibility is the same as that

used in the federal courts and is in accord with Supreme Court precedent." Osborne v. Purkett, 411 F.3d 911, 917 (8th Cir. 2005), cert. denied, 547 U.S. 1022 (2006).

Here, the Missouri Court of Appeals determined that the testimony regarding Petitioner smoking marijuana just prior to the accident served to explain why and how the stolen vehicle became airborne, ultimately striking a stranger's home. This testimony thus was not improper under Missouri or federal law, as it concerned the circumstances and sequence of events that led to the accident involving the stolen vehicle. The Missouri Court of Appeals' holding that "[c]ounsel will not be deemed ineffective for failing to make a non-meritorious objection," thus was well-based on law and fact. See Storey v. Roper, 603 F.3d 507, 525 (8th Cir. 2010), cert. denied, 131 S.Ct. 1574 (2011); see also Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (court cannot fault counsel for failing to raise issue if no relief could possibly have been obtained), cert. denied, 538 U.S. 1002 (2003); Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue), cert. denied, 525 U.S. 1090 (1999). Ground 5 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this  10th  day of November, 2011.

                                                  /s/Jean C. Hamilton
                                                  UNITED STATES DISTRICT JUDGE